JULIE CAVANAUGH-BILL
Nevada Bar No. 11533
Henderson Bank Building
401 Railroad St., Ste. 307
Elko, NV 89801
(775) 753-4357
(775) 777-2983-Facsimile
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GAYLE McCOY, | **Case No.  3:15-cv-00188-LRH-WGC** |
| Plaintiff, | |
| vs. | **CONFIDENTIALITY AGREEMENT & STIPULATION FOR ENTRY OF A QUALIFIED PROTECTIVE ORDER** |
| BARRICK GOLD OF NORTH AMERICA, INC., a foreign corp. | |
| Defendant. | |

Plaintiff, Gayle McCoy, and Defendant, Barrick Gold or North America, Inc., through their respective counsel, agree that in the course of this litigation a party may produce documents and information which are confidential or otherwise sensitive in nature and that public disclosure of such information could be detrimental to the producing party's interests. Similarly, such confidential or commercially sensitive information may potentially be disclosed by written discovery, deposition testimony (to the extent taken), or in other filings with the Court.  The parties accordingly submit this Confidentiality Agreement and Stipulation for Entry of a Qualified  Protective Order for the approval and enforcement of the Court and hereby stipulate as follows:

1. SCOPE. This Stipulated Protective Order shall apply to all non-public information and materials provided or produced by the parties in the course of the above-captioned

1

litigation, whether written, oral, contained in documents or transcripts, or in any other form, which has in good faith been designated "Confidential" or "Attorney's Copy Only" in accordance with Paragraphs 2 and 3 below.

2.   <u>DEFINITION OF CONFIDENTIAL INFORMATION.</u> There will be two levels of confidential information—"Confidential" and "Attorney's Copy Only."  A producing party may designate as "Confidential" such non-public documents, information, and materials produced by it which the producing party believes in good faith constitute, contain or reflect medical or sensitive personal information, proprietary, trade secret or commercially sensitive information, that is not generally known and/or which the party would not normally reveal to non-parties or, if revealed to non-parties, would cause non-parties to maintain in confidence.  A producing party may designate as "Attorney's Copy Only" such Confidential documents, information, and materials produced by it which the producing party believes in good faith constitute, contain or reflect extremely sensitive and highly confidential proprietary, trade secret or commercial information, for which the designation Confidential will not afford adequate protection under the terms of this Stipulated Protective Order, and that the non-producing party should not be entitled to receive a copy of the documents, information, or materials designated as "Attorney's Copy Only."

3.   DESIGNATION.

A.   A producing party or its counsel may designate as Confidential or Attorney's Copy Only any documents or other tangible things by (i) marking every page of such item Confidential or Attorney's Copy Only as the case may be, or (ii) sending written notice designating each page of such documents or each portion of such tangible things to be treated as Confidential or Attorney's Copy Only as the case may be.

B.   A producing party or its counsel may designate deposition or other testimony

2

provided by the producing party as Confidential or Attorney's Copy Only by any one of the following means: (i) stating orally on the record, with reasonable precision as to the affected testimony, on the day the testimony is given that the information is Confidential or Attorney's Copy Only, or (ii) sending written notice designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as Confidential or Attorney's Copy Only within 10 days after receipt of the transcripts.

4. <u>USE OF CONFIDENTIAL AND ATTORNEY'S COPY ONLY INFORMATION.</u> Confidential and Attorney's Copy Only documents and information shall not be disclosed or communicated in any fashion nor be used for any purpose other than preparing for and conducting this litigation, as provided for in this Stipulated Protective Order.  However, nothing in this Stipulated Protective Order shall prevent any producing party from disclosing or using its own Confidential or Attorney's Copy Only information as it deems appropriate, and any such use shall not be deemed a waiver of any party's rights or obligations under this Stipulated Protective Order with respect to any confidential information.  In addition, nothing in this Stipulated Protective Order shall impose any restrictions on the use or disclosure by any party of documents, information, materials, or testimony obtained by such party independently of discovery in this litigation.

5. <u>RESTRICTIONS ON ACCESS TO CONFIDENTIAL AND ATTORNEY'S COPY ONLY INFORMATION.</u>

A. Access to Confidential information, and to any copies, portions, summaries, analyses or excerpts of any documents containing information that has been designated "Confidential" shall be limited to:

i.  Counsel of record for the parties to the litigation, including office associates, paralegals, stenographic and clerical employees;

ii.   The parties to this action, their representatives, employees and agents, including in-house counsel;

iii.   Outside witnesses, potential witnesses, consultants, and/or experts, subject to the provisions of Paragraph 6 below;

iv.   Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof;

v.   The Court and its personnel, including clerks and stenographic reporters engaged in such proceedings as are necessarily incident to this litigation;

vi. Court reporters or stenographers who record deposition or other testimony in the litigation;

vii.   Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system;

viii.   Any other person whom the producing party agrees to in writing.

ix. Access to Attorney's Copy Only information, and any copies, portions, summaries, analyses or excerpts of any documents containing information that has been designated "Attorney's Copy Only" shall be limited to:

a.   Counsel of record for the parties to the litigation, including office associates, paralegal's, stenographic and clerical employees.

b.   The Court and its personnel, including clerks and stenographic reporters engaged in such proceedings as are necessarily incident to this litigation;

c.   Court reporters or stenographers who record deposition or other testimony in the litigation.

d.   Outside photocopying services, graphic production services, or

litigation support services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system.

> e. Outside consultants and/or experts, subject to the provisions of paragraph 6 below.

> f. Any other person whom the producing party agrees to in writing.

The party receiving documents, information, or materials designated as "Attorney's Copy Only" may review such documents, information, or materials while they are in the possession of that party's counsel. However, the receiving party may not receive or make copies of the "Attorney's Copy Only" documents, information, or materials.

Documents, information, or materials which have been designated "Attorney's Copy Only" shall not be given to any other person, unless such person is entitled to access to "Attorney's Copy Only" information pursuant to this paragraph.

6. <u>ACCESS BY OUTSIDE WITNESSES, CONSULTANTS, AND/OR EXPERTS TO CONFIDENTIAL INFORMATION.</u> The parties' counsel may, to the extent necessary to the prosecution or defense of this action, in accordance with the terms of this Stipulated Protective Order, and in good faith, make confidential documents or information and any copies, portions, summaries, analyses or excerpts of any documents containing confidential information available to outside or non-party witnesses, consultants, or expert witnesses, provided, however, that, prior to delivering any such information to such witness, consultant, or expert, counsel shall obtain from the witness, consultant or expert, a signed and dated statement to the effect that the person has read this Stipulated Protective Order and agrees to bound by its terms.

7. <u>DEPOSITIONS.</u> To the extent deposition occur in this case, persons may be deposed regarding documents or information of which they have knowledge which have been

designated Confidential or Attorney's Copy Only.  All transcripts of these depositions and any other deposition containing confidential information will be treated in accordance with this Stipulated Protective Order.  Aside from the witness, no person shall attend any portion of any deposition containing testimony regarding confidential information or documents except counsel for the parties unless such person has executed the written statement described in Paragraph 6.  Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this Stipulated Protective Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed with the Court.

8.  DISPUTES CONCERNING DESIGNATION OR DISCLOSURE OF DOCUMENTS.

If any party to this Stipulated Protective Order objects to the designation of any information as Confidential or Attorney's Copy Only or there is a dispute concerning the disclosure of confidential information to the person(s) designated by the parties, the party having the objection or dispute shall first state the objection or issue by letter to the party that made such designations.  The parties agree to confer in good faith by telephone or in person to resolve any dispute respecting the terms or operation of this Stipulated Protective Order.  If the parties are unable to resolve such a dispute within 3 days of such conference, the dispute shall be submitted to the Court.  In any such proceeding, the designating party shall have the burden of establishing that the disputed documents or information are Confidential or Attorney's Copy Only, as defined in Paragraph 2 above.  No disclosure of any document or information in dispute shall be made pending resolution of the dispute.  In addition to the above procedure,

the parties shall comply with and satisfy Local Rule 26-7 before submitting any discovery dispute to the Court.

The failure of any party to challenge the designation by another producing party of documents, materials, or information as Confidential or Attorney's Copy Only during the discovery period shall not be a waiver of that party's right to object to the designation of such material at a hearing or a trial.

9. <u>FILING WITH THE COURT/FILINGS UNDER SEAL.</u>  Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule 10-5(b).  Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers file in court. *Kamakana v. City and County of Honolulu, 447 F.2d 1172 (9th Cir. 2006).*

10. <u>CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER.</u>

Until the parties otherwise agree or the Court so determines, all information designated Confidential or Attorney's Copy Only shall continue to be treated as Confidential or Attorney's Copy Only in accordance this Order.  In the event the Court refuses to allow the filing under seal of such information designated as Confidential or Attorney's Copy only, a party shall still be permitted to file such Information, but it will continue to be treated as Confidential or Attorney's Copy Only in all other respects.  The Court may change the terms of this section of this Order ~~on its own motion~~ after notice to the parties and an opportunity to be heard.  ~~All filing deadlines will be tolled while a motion that is filed under this section is pending before the court.~~

7

11.   <u>NO IMPLIED ACKNOWLEDGMENT OF CONFIDENTIALITY.</u> The receipt of documents, information or other materials designated as Confidential or Attorney's Copy Only pursuant to this Stipulated Protective Order shall not constitute an acknowledgment that the same are in fact confidential or otherwise legally protectible, and the parties and their counsel shall not be obliged to challenge the propriety of any confidentiality designation.  Failure to do so shall not preclude a subsequent challenge to the propriety of any such designation.  Until and unless the parties may agree or the Court may finally determine that such documents, information or materials are not properly designated as Confidential or Attorney's Copy Only pursuant hereto, the same shall continue to be treated as so designated in accordance with the terms of this Stipulated Protective Order.

12.   <u>NO WAIVER.</u>  The production of documents for inspection shall not constitute a waiver of a party's rights to claim in this lawsuit or otherwise that the documents are privileged or otherwise undiscoverable.  Production by any party of confidential documents or information in other litigation shall not constitute a waiver of its right to claim in this lawsuit or hereafter that such documents or information are confidential, privileged or otherwise undiscoverable.  Nothing in this Stipulated Protective Order requires any party to produce any documents or information that the party believes is privileged or otherwise non-discoverable.  By entering into this Stipulated Protective Order, the parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or seek any further protective order, or to seek relief from the Arbitrator from any provision of this Stipulated Protective Order by application on notice on any grounds.

13.   <u>DISPOSITION OF CONFIDENTIAL DOCUMENTS AND INFORMATION UPON FINAL DETERMINATION.</u>  Upon the final determination of this action, whether by award or judgment which is no longer appealable, determination after appeal, settlement, or otherwise,

8

all documents, information and material designated as Confidential or Attorney's Copy Only and all copies, testimony, summaries, notes, extracts, or abstracts of such documents or of such information shall promptly be returned to the producing party's counsel, or disposed of pursuant to further order of the Court, except that counsel shall be entitled to retain all memoranda or other documents prepared by counsel embodying information derived from any such materials; provided, however, that no subsequent use shall entail disclosure of any information as to which claim of confidentiality has been made.  The final determination of this action shall not terminate the limitations on use and disclosure contained in this Stipulated Protective Order.

14.    <u>AMENDMENT AND MODIFICATION.</u> This Stipulated Protective Order may be amended by the written agreement of counsel for the parties submitted to an approved by the Court in this case.  Nothing in this Stipulated Protective Order shall preclude any party to this action from moving to vacate or modify this Stipulated Protective Order or any provision thereof.

15.    <u>JURISDICTION AND ENFORCEMENT.</u> Any person to whom documents or information designated as Confidential or Attorney's Copy Only are disclosed shall be subject to the jurisdiction of the Court for purposes of determining, assuring and adjudging such person's compliance with this Stipulated Protective Order.

Any party or person subject to this Stipulated Protective Order who violates its provisions shall be liable for damages for any injuries or loss suffered by the producing party as a result of such violation.

This agreement embodied herein shall survive the termination of this litigation and continue in full force and effect.

RESPECTFULLY SUBMITTED:

Dated: June _11__ , 2015

_/s/ J. Cavanaugh-Bill____
Julie Cavanaugh-Bill
Nevada Bar No. 11533
*Attorney for Plaintiff*

Dated: June __11__ , 2015

_/s/_D. Castleberry___
David Castleberry
Nevada Bar No. 8981
*Attorney for Defendant*

**ORDER**

The Confidentiality Agreement & Stipulation for Entry of a Qualified Protective Order is approved as amended in paragraph 10.

DATED this 16th day of June, 2015.

William G. Cobb
UNITED STATES MAGISTRATE JUDGE

10