UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GAYLE McCOY,

    Plaintiff,

v.

BARRICK GOLD OF NORTH AMERICA, INC.,

    Defendant.

3:15-cv-0188-LRH-WGC

ORDER

    Before the court is defendant Barrick Gold of North America, Inc.'s ("Barrick") motion for summary judgment. ECF No. 16. Plaintiff Gayle McCoy ("McCoy") filed an opposition (ECF No. 19) to which Barrick replied (ECF No. 20).

**I.   Facts and Background**

    Plaintiff McCoy is a former employee of Barrick at its Bald Mountain mining operation. McCoy was hired by Barrick in 2005 at the age of 52. In 2011, after six years with Barrick, McCoy was promoted to the leach pad crew. Scott Olsen ("Olsen"), Barrick's General Supervisor for Process, was directly involved with the decision to promote McCoy and was McCoy's direct supervisor. At the time he was promoted, McCoy was 58 years old.

    On September 10, 2014, McCoy was involved in a job-related accident leading to injury. McCoy was setting up equipment to fix a pipe in an area full of weeds and rocks. McCoy used a piece of equipment to clear some of the area, but did not completely clear the area of weeds prior to starting his work. While working around the pipe, McCoy tripped and hit his knee on a rock,

causing his knee to swell. McCoy received medical attention for his injury. At the time of the accident, McCoy had been placed on a Decision Making Leave Day ("DMLD"), the highest level of discipline under Barrick's company policies before termination, for prior incidents and safety violations.

Pursuant to Barrick policy, an incident report was filed following McCoy's accident and an accident investigation was instigated. The investigation was conducted by Olsen and non-party Nikita Haye, an employee in Barrick's Human Resources department, and included an interview with McCoy. At the conclusion of the investigation, McCoy's employment with Barrick was terminated, the stated reason being McCoy's continued unsafe conduct and refusal to take accountability for his recurring safety violations. McCoy appealed his termination pursuant to Barrick's policies and his termination was upheld on internal appeal. At the time he was terminated, McCoy was 61 years old.

After his termination, McCoy filed a charge of discrimination against Barrick with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on his age. After receiving a right to sue letter, McCoy filed a complaint against Barrick alleging two causes of action: (1) age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"); and (2) wrongful termination. ECF No. 1. Thereafter, Barrick filed the present motion for summary judgment. ECF No. 16.

**II.     Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.,* 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D.Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.   Discussion**

    **A.  Age Discrimination**

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer "to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). To prove a *prima facie* case of age discrimination, a plaintiff must show that: (1) he was at least forty years old; (2) he was performing his job satisfactorily; (3) he was discharged; and (4) he was replaced by a substantially younger employee with equal or inferior qualifications. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). A plaintiff can establish a *prima facie* case of discrimination through the burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Metoyer v. Chassman*, 504 F.3d 919, 931 (9th Cir. 2007).

1    Under the *McDonnell Douglas* framework, the plaintiff carries the initial burden of
2 establishing a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. If the
3 plaintiff succeeds in establishing a *prima facie* case, the burden shifts to the defendant to articulate
4 a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct. *Id*. If the defendant
5 provides such a justification, the burden shifts back to the plaintiff to show that the defendant's
6 justification is a mere pretext for discrimination. *Id.* at 804.

7    In its motion for summary judgment, Barrick concedes that McCoy was over forty years of
8 age, that his employment was terminated, and that his position was filled by a younger employee.
9 *See* ECF No. 16. However, Barrick contends that McCoy has failed to provide any evidence that he
10 was performing his job satisfactorily at the time of his termination, and thus, he fails to state a
11 *prima facie* case of age discrimination. The court agrees.

12    The court has reviewed the documents and pleadings on file in this matter and finds that
13 McCoy has failed to establish a *prima facie* case of age discrimination because the evidence
14 proffered in this action does not support his claim that he was performing his job satisfactorily at
15 the time of his termination. Specifically, the court finds that it is undisputed that at the time of his
16 termination, McCoy was on a DMLD for previous incidents and safety violations beginning as far
17 back as 2008.[1] A DMLD is the final level of employee discipline at Barrick prior to termination. It

---

[1] In support of its motion for summary judgment, Barrick has proffered McCoy's entire discipline history during his employment. McCoy's discipline history includes the following violations of Barrick's company policies and safety procedures. In October 2008, McCoy was disciplined for damaging company equipment when he dumped a load of material in an area that he was specifically instructed to avoid. In January 2009, McCoy was disciplined for operating equipment in an unsafe manner. In October 2011, after being promoted to the leach pad crew, McCoy was disciplined for making offensive comments to another Barrick employee. In October 2013, McCoy was involved an accident that cause an injury to his knee. That accident was investigated by Barrick, and during that investigation McCoy was advised to review and follow Barrick's safety procedures. As a result of this accident, McCoy received worker's compensation and did not return to work for several months.
    In January 2014, after returning to work from his last accident, McCoy received additional safety coaching after cutting a piece of pipe without proper safety equipment and precautions. Then, the very next day, McCoy was involved in another accident causing severe damage to company property when he improperly moved a 300 foot pipe. Following this incident, McCoy was placed on a DMLD. McCoy does not challenge this discipline history.

is further undisputed that after being placed on a DMLD, McCoy was involved in the underlying accident. Based on McCoy's undisputed discipline history and the fact that McCoy was involved in another accident after having been placed on a DMLD, the court finds that McCoy has not established that he was performing his job satisfactorily at the time of his termination.

In support of his claim for age discrimination, McCoy has submitted evidence that he received a good performance evaluation in May 2014 (after being placed on a DMLD), which, he argues, proves he was performing his job satisfactorily at the time of his termination. However, any assertion that McCoy's performance evaluation somehow overcomes his poor safety record is unavailing. First, the fact that a defendant "had at one time complimented [plaintiff] on his performance is insufficient to create a genuine issue, since there is also accompanying evidence indicating an official displeasure with [plaintiff's] performance" as established by the repeated violations of company policies and safety protocols. *Vidal-Soto v. Banco Bilbao Vizcaya-Puerto Rico*, 4 F. Supp. 2d 60, 64 (D. P.R. 1998). Second, a single performance evaluation does not suddenly erase McCoy's discipline history. In fact, his performance review specifically mentioned that McCoy had a serious accident involving the moving of pipe without a spotter in contravention of Barrick's safety procedures and that he was on DMLD, or "final warning" status, at the time of the evaluation. Because there is no genuine dispute as to McCoy's unsatisfactory performance, he has failed to state a *prima facie* case of age discrimination. *See Davis v. Target Corp.*, 2007 WL 29446, at *6 (W.D. Ky. Jan. 3, 2007) (finding no dispute of fact where employee was on final warning status, even though employee had received positive performance reviews).

Additionally, even if McCoy had established a *prima facie* case of age discrimination, the court finds that Barrick has proffered a sufficient nondiscriminatory reason for McCoy's termination to defeat his claim of age discrimination. Specifically, Barrick has proffered sufficient evidence that McCoy was terminated for failing to perform his job in a safe manner as required by Barrick policy. As addressed above, on numerous occasions since his hiring, McCoy failed to take proper precautions during his work which led to property damage and injury, and ultimately led to

5

being placed on a DMLD prior to the underlying incident. Then, while on a DMLD, McCoy was involved in another on-the-job accident in which he admitted during the follow-up investigation that he was not paying attention. Based on this history, the court finds that Barrick has established a legitimate non-discriminatory reason for McCoy's termination.

Because Barrick has proffered a sufficient, non-discriminatory reason for McCoy's termination, McCoy must establish that this reason was a pretext for his termination and that his age was the "but-for" reason for his termination. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009) ("[T]he plaintiff retains the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action."). However, McCoy has failed to present any evidence that Barrick's stated reason for his termination was mere pretext. In fact, any pretext argument is without merit given the fact that McCoy was first hired by Barrick when he was 52 years old, and that Olsen, the individual who ultimately made the decision to terminate McCoy's employment, also made the decision to promote McCoy to leach pad crew in 2011 when he was 58 years old. On such facts, Barrick is entitled to a "strong inference" McCoy's age was not the but-for cause of his termination. *See Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270–71 (9th Cir. 1996) ("[W]here the same actor is responsible for both the hiring and firing of a discrimination plaintiff... a strong inference arises that there was no discriminatory motive."). Further, it is undisputed that numerous employees, including many younger than McCoy, were terminated for safety violations after similarly being placed on DMLDs. Moreover, McCoy has failed to present any evidence that his age was ever mentioned as a reason for his termination either during the accident investigation, investigation interview, or internal appeal. Therefore, the court finds that McCoy has failed to establish that his termination was a pretext for age discrimination. Accordingly, the court shall grant Barrick's motion for summary judgment on this issue.

**B.  Wrongful Discharge**

McCoy's second cause of action is for wrongful termination. Nevada recognizes a wrongful termination claim for terminating an employee in retaliation for filing a workers' compensation

claim. *See Hansen v. Harrah's*, 675 P.2d 394, 396-97 (Nev. 1984). To establish such a wrongful termination claim, a plaintiff must establish that the workers' compensation claim was the "but-for" cause of the plaintiff's termination. *Khan v. Ace Cab, Inc.*, 2015 WL 1038078, at *3-4 (D. Nev. 2015).

Here, the court finds that McCoy has failed to establish a wrongful termination claim related to his September 2014 accident. Axiomatic to a wrongful termination claim for retaliation is that the plaintiff must have filed a workers' compensation claim. *Hansen*, 675 P.2d at 397. Here, it is undisputed that McCoy did not file a workers' compensation claim in connection with the September 2014 accident that led to his termination.

McCoy did, however, file a workers' compensation claim in October 2013 in connection with a separate knee injury suffered while on the job. The court has reviewed McCoy's claim as it relates to this workers' compensation claim, filed eleven months prior to his termination, and finds that it fails as a matter of law. In Nevada, a period of eleven months between the filing of a claim and termination does not provide the necessary temporal proximity sufficient to establish a wrongful termination claim. *See Law v. Kinross Gold U.S.A., Inc.*, 2014 WL 1577301, at *8 (D. Nev. Apr. 18, 2014) (finding that nine-month gap between alleged compensation claim and termination demonstrated a lack of temporal proximity between the compensation claim and plaintiff's termination, and that such a claim was therefore not the proximate cause of the termination). Further, McCoy has failed to establish any causal connection between McCoy's workers' compensation claim in October 2013 and his termination in September 2014 for safety violations. Especially in light of the fact that Barrick continued to employ McCoy after the accident in January 2014 that led to him being placed on a DMLD. Therefore, the court finds that Barrick is also entitled to summary judgment on McCoy's wrongful termination claim.

///

///

///

1   IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #16)
is GRANTED. The clerk of court shall enter JUDGMENT in this action in favor of defendant,
Barrick Gold of North America, Inc., and against plaintiff, Gayle McCoy.

IT IS SO ORDERED.

DATED this 27th day of September, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE